IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SP NEWSPRINT HOLDINGS LLC, | ) ) | Case No. 11-13649 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| SP NEWSPRINT CO., LLC, | ) ) | Case No. 11-13650 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| SP RECYCLING CORPORATION, | ) ) | Case No. 11-13651 (CSS) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| SEP TECHNOLOGIES, L.L.C., | ) ) | Case No. 11-13652 (CSS) |
| Debtor. | ) ) ) | |

## **DEBTORS' MOTION FOR JOINT ADMINISTRATION**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their undersigned attorneys, hereby file this motion (the "Motion") for an order, pursuant to Bankruptcy Rule 1015, directing the joint administration of their

---

[1] The last four digits of each of the Debtors' tax identification numbers are: SP Newsprint Holdings LLC (6180); SP Newsprint Co., LLC (7779); SP Recycling Corporation (2936); and SEP Technologies, L.L.C. (2955).

Chapter 11 cases for procedural purposes only. In support of the relief requested in this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**INTRODUCTION**

2. On November 15, 2011 (the "Petition Date"), the Debtors filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have sought an order directing that their Chapter 11 cases be jointly administered by this Court, and they have filed additional motions (some of which seek emergency relief) in the proposed lead case of SP Newsprint Holdings LLC.

3. The Debtors continue to manage their properties and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed in these cases.

<u>The Debtors and Their Business</u>

*SP Newsprint Holdings LLC*

4. SP Newsprint Holdings LLC, a Delaware limited liability company, is the direct or indirect corporate parent of all of the other Debtors.

*SP Newsprint Co., LLC*

5.  SP Newsprint Co., LLC ("SP"), a Georgia limited liability company and one of the Debtors' two main operating companies, is one of the largest producers of newsprint (paper on which newspapers are printed) in North America. SP operates two newsprint mills located in Dublin, Georgia, and Newberg, Oregon.

6.  The Dublin mill, which is located 145 miles southeast of Atlanta, Georgia, was opened in 1979 and is currently one of the largest 100% recycled newsprint mills in North America. The Newberg mill, which is located 25 miles southwest of Portland, Oregon, was acquired by SP in 1999 and is one of only three suppliers on the West Coast able to meet California's stringent recycled content requirement for newsprint.

*SP Recycling Corporation*

7.  SP Recycling Corporation ("SPRC"), a Georgia corporation and the Debtors' other operating company, was established in 1980 as a means for SP to secure a ready supply of recycled fiber, a key raw material for newsprint.

8.  SPRC currently has 23 recycling centers in nine states that annually collect and/or purchase approximately 941,000 metric tons of old newspaper (ONP), 140,000 tons of sawmill residual chips, 295,000 tons of other paper grades, and 97,000 tons of other materials through drop-off and curbside collections and long-term contracts with various municipalities. SPRC also handles a range of other recyclable materials, including metals and plastic, which are sorted and resold to other recycling firms. In addition to the material it collects, SPRC buys ONP on the open market from suppliers in 22 states.

*SEP Technologies, L.L.C.*

9. SEP Technologies, L.L.C., a Delaware limited liability company, does not currently have any operations or material assets.

The Debtors' Employees

10. As of the Petition Date, the Debtors employed approximately 670 people.

11. Certain high-level managerial functions are provided by Brant Industries, Inc. ("BI"), in exchange for a management fee. For more than three months prior to the Petition Date, to help preserve the Debtors' liquidity, BI deferred collecting its management fee. The management fee is included in the Debtors' proposed budget for these cases and is anticipated to be paid in the ordinary course of business as an administrative expense of the Debtors' estates.

The Debtors' Capital Structure

12. On or about March 31, 2008, SP Newsprint Merger LLC (a predecessor of the Debtors), as borrower, and each of the Debtors, as guarantors, entered into a $275 million credit agreement (as amended from time to time and including all related documents, schedules, and agreements, the "Credit Agreement") with General Electric Capital Corporation ("GECC"), as administrative agent, collateral agent, and lender, and certain other parties, including GECC, as lenders (the "Lenders"). The Credit Agreement provides for a revolving line of credit of $50 million, subject to specified reserves and a defined borrowing base (the "Revolving Facility"), and a $225 million term loan, to be amortized in accordance with schedules set forth in the Credit Agreement (the "Term Loan Facility").

13. As security for their obligations under the Credit Agreement, the Debtors granted security interests in, and liens upon, substantially all of their assets, with relative priority

between GECC, as sole lender under the Revolving Facility, and the Lenders, including GECC, as lenders under the Term Loan Facility, determined by intercreditor provisions of the Credit Agreement. Specifically, the revolving lender has senior priority on current assets, including cash, accounts receivable, and inventory, and junior priority on fixed assets, including the Debtors' two mills and equipment; similarly, the term lenders have senior priority on fixed assets and junior priority on current assets.

14. As of the Petition Date, approximately $41 million was outstanding under the Revolving Facility, and approximately $213 million, including capitalized unpaid interest, was outstanding under the Term Loan Facility. The Revolving Facility and the Term Loan Facility both mature on March 31, 2012.

<u>Circumstances Leading to the Debtors' Bankruptcy Filings</u>

15. Like other companies in the newsprint and paper-related industries, a variety of external factors have led to a decline in the Debtors' revenue over the last several years, while at the same time the cost of necessary raw materials has increased. In response, the Debtors undertook cost-cutting and other measures, but, nonetheless, they fell out of compliance with certain covenants under the Credit Agreement and have otherwise been in default thereunder since June 2011.

16. For several months, the Debtors have engaged in restructuring discussions with GECC and entered into a forbearance agreement with GECC and the Lenders, which expired on or about September 12, 2011. On October 12, 2011, GECC took actions that resulted in the Debtors' bank accounts being frozen and permitted only limited funding thereafter.

17. Since that time, the Debtors have attempted to negotiate the terms of a consensual DIP financing arrangement and a global financial restructuring. Although such negotiations have not yet been completed, in connection with any agreement, it is anticipated that the Lenders will require the Debtors to conduct a going-concern sale process, and the Lenders have expressed a willingness to serve as a "stalking horse" bidder in such sale process. The Debtors have now sought Chapter 11 protection and intend to continue such negotiations, including attempting to arrange a temporary consensual use of cash collateral to preserve the value of the Debtors.

**RELIEF REQUESTED**

18. The Debtors hereby seek the joint administration of their Chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. This is not a request for substantive consolidation, but rather, a request that the Court maintain one file and one docket for the jointly-administered cases.

19. The Debtors propose that these cases be jointly administered in the name of SP Newsprint Holdings LLC, because its case was filed first, and because it is the direct or indirect corporate parent of all of the other debtors.

20. Moreover, the Debtors propose that the caption of their jointly-administered Chapter 11 cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SP NEWSPRINT HOLDINGS LLC, et al., | ) ) | Case No. 11-13649 (CSS) |
| Debtors. | ) ) ) | Jointly Administered |

21. Finally, the Debtors propose that a docket entry be made in each of their cases substantially as follows:

> An order has been entered in this case directing joint administration of this case for procedural purposes with the Chapter 11 bankruptcy case of SP NEWSPRINT HOLDINGS LLC, Case No. 11-13649 (CSS). The docket for SP NEWSPRINT HOLDINGS LLC should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

22. Bankruptcy Rule 1015(b) authorizes this Court to order the joint administration of the bankruptcy cases of a debtor and its affiliates.[2]

23. The Debtors are "affiliates", as such term is defined in Bankruptcy Code § 101(2), because they are each owned, directly or indirectly, by the same corporate entity, and accordingly, this Court is authorized to grant the relief requested herein.

24. The Debtors anticipate that, during the course of these cases, it will be necessary to file numerous motions and applications, as well as other pleadings and documents, seeking relief on behalf of all of the Debtors. The Debtors submit that joint administration of their Chapter 11 cases will further the interests of judicial economy and administrative

---

[2] The Debtors have filed only this Motion, and not any of the other first-day motions, in all of their cases. The Debtors request that all orders approving motions and applications filed prior to the approval of this Motion apply to all cases, as if each were specifically and individually approved in all such cases.

-7-

expediency by, among other things, obviating the need to file duplicate motions, enter duplicate orders, and forward duplicate notices to creditors and other parties-in-interest, which would result in unnecessary costs and expenses for the Debtors and unnecessary burden for this Court.

25. Accordingly, for the reasons set forth above, the Debtors submit that the relief requested herein is in their best interest and the best interest of their estates and creditors and, therefore, should be granted.

**NOTICE**

26. Notice of this Motion has been given via overnight delivery service, e-mail, facsimile, and/or hand delivery, as appropriate, to the United States Trustee; the 30 largest unsecured non-insider creditors of the Debtors on a consolidated basis; counsel to GECC, as agent to the Lenders; counsel to BI; the Securities and Exchange Commission; the United States Attorney's Office for the District of Delaware; the United States Attorney General; and the Internal Revenue Service. As this Motion is seeking first-day relief, notice hereof and of any order entered hereon will be served in accordance with Local Rule 9013-1(m). Due to the urgency of the circumstances, the Debtors submit that no other or further notice of this Motion is required.

**NO PRIOR APPLICATION**

27. No previous request for the relief sought in this Motion has been made to this Court or to any other court.

# **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: November 15, 2011  
      Wilmington, Delaware

Respectfully submitted,

*/s/ Lee E. Kaufman*  
Mark D. Collins (No. 2981)  
Lee E. Kaufman (No. 4877)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

-and-

Joel H. Levitin  
Richard A. Stieglitz Jr.  
Michael R. Carney  
Maya Peleg  
CAHILL GORDON & REINDEL LLP  
Eighty Pine Street  
New York, New York 10005-1702  
Telephone: (212) 701-3000  
Facsimile: (212) 269-5420

*Proposed Attorneys for the Debtors  
and Debtors-in-Possession*